T.C. Summary Opinion 2004-118


UNITED STATES TAX COURT


REGINA MISSOURI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20512-03S.                    Filed August 30, 2004.


Regina Missouri, pro se.

<u>Jason M. Kuratnick</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,362 in petitioner's 2001 Federal income tax. The issue is whether petitioner is entitled to greater itemized deductions than those allowed by respondent. Petitioner resided in Philadelphia, Pennsylvania, at the time she filed the petition.

## Background

The facts may be summarized as follows. Petitioner is a detective with the City of Philadelphia Police Department. Except for formal occasions, she generally did not wear a uniform.

On her 2001 Federal income tax return, petitioner claimed a charitable contribution deduction of $6,197 and a miscellaneous deduction, before the application of section 67, of $5,422. Respondent disallowed $1,259 of the charitable contribution deduction and $3,678 of the miscellaneous deduction. The following amounts are, in whole or in part, in dispute:[2]

| | |
|---|---|
| Uniform cost & laundry | $1,875 |
| Work shoes & equipment | 1,075 |
| Transportation expenses | 1,695 |

---

[2] Of the miscellaneous deduction claimed, respondent allowed $1,744. The notice of deficiency does not indicate which items were allowed in whole or in part. Petitioner also claimed union dues ($627) and tax preparation fees ($150). Respondent does not contest these items totaling $777. The general question then is whether petitioner has established that she is entitled to miscellaneous deductions in an amount greater than the difference between the amount allowed ($1,744) and the amount conceded ($777), or $967.

Petitioner has no receipts or other substantiation to support a charitable contribution deduction for any amount greater than that allowed by respondent. Petitioner maintained no log or diary with respect to the transportation expenses and has no receipts or other records with respect to the disallowed miscellaneous deduction.[3]

### Discussion

1. Charitable Contribution Deduction.

Section 170(a) allows a deduction for charitable contributions "if verified under regulations prescribed by the Secretary." Under the regulations, a taxpayer must maintain for each contribution either a cancelled check, a receipt, or other reliable records from the charitable organization. Sec. 1.170A-13(a)(1), Income Tax Regs. Petitioner has no such records substantiating charitable gifts in an amount larger than that allowed by respondent. We sustain respondent's determination with respect to this issue.

2. Miscellaneous Deduction.

Petitioner claimed a deduction for clothing and related expenses and for the use of her automobile. Section 162(a) allows deductions for "ordinary and necessary expenses paid * * * in carrying on any trade or business". Petitioner is in the

---

[3] Petitioner does not satisfy the requirements of sec. 7491(a).

trade or business of being an employee.  See <u>Fogg v. Commissioner</u>, 89 T.C. 310 (1987).  While we recognize that employee business expenses may be deductible, a taxpayer still must establish that such alleged expenses were made and are expenses of being an employee.  See Rule 142(a).  In addition, certain expenses, including travel and automobile expenses, must be substantiated by adequate records establishing the amount of such expense, the time and place of such travel or use of "listed property" that includes automobiles, and the business purpose of such expense.  See secs. 274(d), 280F(d)(4).  Petitioner has no records to substantiate the amount of any employee business expense greater than that allowed by respondent.

With respect to the deduction claimed for petitioner's clothing, a taxpayer may not deduct expenses for clothing, even though used in the course of business, if the clothing is suitable for general or personal wear.  <u>Kennedy v. Commissioner</u>, T.C. Memo. 1970-58, affd. 451 F.2d 1023 (3d Cir. 1971).  Petitioner concedes that the deductions claimed for clothing, laundry, etc., fall into this category.  We sustain respondent's determination with respect to the miscellaneous deduction.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.